UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Behnam Goorakani,<br><br>                    Plaintiff(s),<br><br>          v.<br><br>Todd M. Lyons et al.,<br><br>                    Defendant(s). | 25-CV-9456 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

Before the Court is Respondents' second request for an extension of time to oppose the Petition. ECF No. 11 (the "Second Request"). For the reasons explained below, Respondents' application is **DENIED**.

The Petition for habeas corpus in this case seeking Petitioner's immediate release from the custody of Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241, was filed on November 12, 2025. ECF No. 1. Under 8 U.S.C. § 2243, such a writ "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." On November 14, the Court ordered Respondents to respond to the Petition by Wednesday November 19, which was three business days from the date of the scheduling Order. *See* ECF No. 4.

On November 15, Respondents requested an extension for their time to respond until December 4, on the grounds that the psychiatric facility Petitioner is held "has not provided ICE any information about the petitioner" and because counsel was not able to prepare or file a brief until the requested date "due to the press of business and scheduled leave." *See* ECF No. 6 (the "First Request"). Petitioner's counsel filed a letter opposing the First Request, stating that Petitioner is currently being held at a psychiatric facility, that his "life and well-being are in serious

jeopardy," that "[h]is mental and physical condition continue to deteriorate," and that he "experiences severe psychological distress manifesting in bodily pain . . . ." ECF No. 8. In the same letter, Petitioner's counsel noted that she would endeavor to meet the Court's deadlines, despite the fact that she observes the Sabbath. *See id.*

The Court then granted in part and denied in part Respondents' First Request, giving Respondents an additional two days, or until Friday November 21, to respond to the Petition, and setting a hearing date of November 25. ECF No. 9.

Then, at approximately 4:55 p.m. on the day that their Response was due (i.e., Friday November 21, 2025), Respondents filed a Second Request for an extension for their time to respond to the Petition, citing "unavoidable scheduling conflicts," and noting that, "[d]espite diligent efforts to obtain records and information necessary for the Government's response in this case," counsel has received "only some additional information this afternoon . . . ." ECF No. 11. The Second Request noted that counsel for the Respondents "left telephone and email messages with Petitioner's counsel this afternoon," but, as of the time of the Second Request, had not yet received a response. *Id.*

The Second Request is **DENIED**. First, it was made on the day that the response was due, and is therefore untimely under this Court's Individual Rule 2(e)(ii), which provides that "[a]bsent an emergency, any request for extension or adjournment shall be made as early as possible, and **at least two business days** before the deadline or scheduled appearance. Extension requests will ordinarily be denied if made after the expiration of the original deadline." Second, the Second Request also violates this Court's Individual Rule 2(e)(iii), which requires that letter-motions state "whether the adversary consents . . . ." While counsel for Respondents avers that consent for the Second Request was sought from Petitioner's counsel, who has not yet responded, Respondents

2

were on notice that Petitioner's counsel observes the Sabbath, *see* ECF No. 8, and should have sought their consent earlier than at the end of the business day on a Friday.  Finally, while the Court does not doubt Respondents' counsel's diligence in seeking to obtain the records referenced in the Second Request, the obligation to submit a fulsome response to the Petition falls on Respondents themselves, who have provided no reason, let alone good cause, as to why they have been unable to comply with the Court's deadlines, which follow from federal statute, 28 U.S.C. § 2243.  In light of Petitioner's assertions of ongoing mental and psychological distress, an additional extension of the time to respond is unwarranted.

      Respondents' response remains due today, November 21.  The denial of the Second Request is without prejudice to a motion for leave to supplement the record with additional documentation prior to the hearing on November 25.

      The Clerk of Court is respectfully directed to close ECF No. 11.

SO ORDERED.

Dated: November 21, 2025
      New York, New York

_____
DALE E. HO
United States District Judge